JUDGE                                    13 CV 9225

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
MANUEL RAMOS, both individually and on behalf
of all other similarly situated persons,

                    **Plaintiff,**

                    v.

THE CITY OF NEW YORK FIRE DEPARTMENT,
SALVATORE J. CASSANO, as Commissioner of The
City of New York Fire Department, MICHAEL R.
BLOOMBERG, as Mayor of The City of New York,
THE CITY OF NEW YORK,

                  **Defendants.**

------------------------------------------------------------x

ECF CASE

COLLECTIVE ACTION
COMPLAINT


RECEIVED DEC 31 2013 U.S.D.C. S.D.N.Y. CASHIERS

       Plaintiff, MANUEL RAMOS, by and through his undersigned attorneys, The Law Offices of Fausto E. Zapata, Jr., P.C., files this Complaint, against Defendants upon information and belief:

## NATURE OF ACTION

       1. Plaintiff alleges on behalf of himself and other similarly situated current and former employees of Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§216(b), that they are entitled to a declaratory judgment, back wages for unpaid wages and other relief from Defendants for all work performed, liquidated damages pursuant to 29 U.S.C. §§ 201 et seq., and attorney's fees and costs.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims in this action, pursuant to the provisions of 28 U.S.C. §§1331, 1337 and 1343. In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA, pursuant to 29 U.S.C. §216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 as the Defendants' respective principal places of business are in this district.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## PARTIES

5. Plaintiff in this action is employed by Defendants and is considered an "employee" within the meaning of the FLSA.

6. The term "Plaintiffs" as sued in this Complaint refers individually, collectively, or in any combination to Plaintiff and all persons who have worked for Defendants as Supervising Emergency Medical Service Specialists with The City of New York Fire Department during the past three years and opt into this action pursuant to the FLSA's collective action provision, 29 U.S.C. § 216(b).

7. Defendant, The City of New York, is a municipal corporation duly organized and existing under the Constitution and laws of the State and City of New York.

8. Defendant, The City of New York is, among other things, a judicial entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x).

9. Defendant, Michael Bloomberg, is the Mayor of the City of New York.

10. Defendant, The City of New York Fire Department ("FDNY"), is an agency of the City of New York authorized and existing, pursuant to NY City Charter §§ 481, et seq., and New York City Administrative Code, Title 15, §§ 15-101, et seq.

11. Defendant FDNY is an administrative division of Defendant The City of New York and is, among other things, a judicial entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x).

12. Defendant, Salvatore Cassano, is the Commissioner of FDNY and has the powers and duties set forth in the New York City Charter, Chapter §§ 481, et seq., and New York City Administrative Code, Title 15, §§ 15-101, et seq.

13. Plaintiff was an employee of The City of New York, Michael Bloomberg, FDNY, and Salvatore Cassano. (Hereinafter collectively referred to as "Defendants").

14. Defendants are each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. §216, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since January 2011 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid their wages at a rate no less than the prevailing minimum wage (the "Collective Action Members").

16. Although the precise number of the Collective Action Members is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, there are at least two members who are similarly situated but they lack adequate financial resources, access to attorneys, or knowledge of their claims to file individual suits.

17. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the field of employment law and collective action litigation. Plaintiff has no interest that is contrary or in conflict with those members of this collective action.

18. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact to Plaintiff and other Collective Action Members are:

   a) whether the Defendants employed the Collective Action Members within the meaning of the FLSA;

   b) whether Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. §516.4;

   c) whether Defendants failed to pay Collective Action Members at least the minimum wage, in violation of the FLSA and the regulations promulgated thereunder;

4

    d) whether Defendants' violations of FLSA are willful as that term is used within the context of the FLSA;

    e) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and,

    f) whether Defendants should be enjoined from such violations of the FLSA in the future.

19. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF FACTS

20. At all relevant times, and since December 2010, as well as before, the Plaintiffs have worked within the FDNY for Defendants in the position of Supervising Emergency Medical Service Specialist ("SEMSS").

21. The SEMSS position involves the performance of Emergency Medical Technician, Paramedic, and other ambulance personnel duties.

22. At all relevant times, the SEMSS title was covered by the FLSA by virtue of 29 C.F.R. § 541.3(b).

23. Plaintiffs and other individuals working in the SEMSS title are, among other things, required to rescue accident victims by acting as a first responder, providing emergency medical treatment, and transporting accident victims to hospitals.

24. At all relevant times, Defendants have intentionally refused to categorize Plaintiffs as FLSA covered employees.

25. At all relevant times, Plaintiffs have worked without being properly compensated by Defendants for hours worked, in violation of the FLSA.

26. At all relevant times, Defendants have violated the FLSA by suffering or permitting Plaintiffs to work before and after their scheduled shifts and failing to compensate Plaintiffs for such work activities.

27. At all relevant times, Defendants have violated the FLSA by allowing Plaintiffs to accrue more than 480 hours of compensatory time in lieu of overtime, pursuant to 29 C.F.R. 553.21.

28. At all relevant times, Defendants violated the FLSA by failing to compensate Plaintiffs for time spent traveling between job sites when Plaintiffs worked overtime, in violation of 29 C.F.R. § 785.38.

29. At all relevant times, Defendants violated the FLSA by failing to compensate Plaintiffs in accordance with 29 C.F.R. § 778.207 by failing to include in the regular rate of pay night shift differential before computing FLSA statutory overtime wages.

30. At all relevant times, Defendants have violated the FLSA by suffering or permitting Plaintiffs to work without a dedicated break undisturbed break and failing to compensate Plaintiffs for such work activities.

31. At all relevant times, Defendants violated the FLSA by suffering or permitting Plaintiffs to work on their non-working hours by contacting them on their work issued cellular phones or contacting Plaintiff's on their own telephones to discuss work related matters.

32. At all relevant times, Defendants violated the FLSA by improperly designating compensatory time as "non-FLSA" compensatory time and failing to afford this earned compensatory time the protections of the FLSA.

### FIRST CLAIM OF RELIEF
### FAIR LABOR STANDARDS ACT

33. Plaintiffs repeat and re-allege each and every allegation of the preceding paragraphs herein with the same force and effect as though fully set forth herein.

34. The FLSA requires the payment of wages for all work performed and overtime wages in conformity with the FLSA and its implementing regulations.

35. Plaintiffs were not compensated for all compensable work performed at the rates required the FLSA.

36. Defendants' failure to pay all wages in conformity with the FLSA constitutes a willful violation within the meaning of 29 U.S.C. § 255.

### PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS respectfully requests that this Court grant the following relief:

   a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

   b) An injunction against Defendants and their respective officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

   c) An award of wages due under FLSA;

d) An award of overtime compensation due under FLSA;

e) An award of liquidated damages as a result of Defendants' willful failure to pay wages and overtime pursuant to the FLSA;

f) An award of prejudgment and post judgment interest;

g) An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees; and,

h) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a jury of all issues to be tried.

Date:  December 31, 2013
       New York, New York

The Law Offices of
Fausto E. Zapata, Jr., P.C.

By: _____
Fausto E. Zapata, Jr. (FZ4957)
Attorneys for Plaintiff
277 Broadway, Suite 206
New York, NY 10007
Tel. (212) 766-9870

8

## CONSENT TO SUE UNDER FEDERAL LABOR STANDARDS ACT

I, __Manuel Ramos__, am an individual employed by The City of New York Fire Department. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

_____
Signature

__12-4-13__
Date

ALISON ANN D'ANGELONE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01DA6220/ )
Qualified in Nassr County
My Commission Expires April 12, 2014