Sonnect, h.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

MANUEL RAMOS, both individually and on behalf
of all other similarly situated persons,
Plaintiff,

Plaintiff,

-against-

THE CITY OF NEW YORK FIRE DEPARTMENT,
SALVATORE CASSANO, as Commissioner of the
City of New York Fire Department, MICHAEL R.
BLOOMBERG, as Mayor of The City of New York,
THE CITY OF NEW YORK,

Defendants.

-------------------------------------------------------------------- x

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED: JUN 1 7 2015         │
└─────────────────────────────────┘
```

**STIPULATION**

13 CV 9225 (KBF)

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by Plaintiff Jose A.

Gonzalez and Defendants the City of New York, the New York City Fire Department, Salvatore

Cassano and Michael R. Bloomberg on behalf of themselves and all other New York City

departments, commissions, agencies, related entities, predecessors, successors, trustees, officers,

directors and employees, agents, employee benefit plans and the trustees, administrators, and

fiduciaries of such plans (hereinafter collectively referred to as "Defendants"), and is based on

the following:

**I.    RECITALS**

1.1    Plaintiffs in this action are current or former employees of the New York City Fire

Department employed in the civil service title Supervising Emergency Medical Service

Specialists and holding the ranks of Lieutenant, Captain, Deputy Chief, and Division Chief.  On

December 31, 2013, and on various dates thereafter, Plaintiffs filed their consents with this Court in the case *Ramos, et al. v. The New York City Fire Department*, Docket No. 13 Civ. 9225 (KBF) (the "Lawsuit").

1.2     Plaintiffs have made certain allegations and accusations concerning their employment with the Defendants regarding an asserted failure to pay overtime compensation properly under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (hereinafter referred to as the "Released Claims").

1.3     Plaintiffs holding the rank of Lieutenant and/or Captain who are enumerated in Exhibit A of a Settlement Agreement, dated December 12, 2014, and Defendants agreed to settle the matters in dispute between and among them pursuant to the terms of the Settlement Agreement, dated December 12, 2014. Plaintiff Jose A. Gonzalez similarly agrees to settle the matters in dispute between him and Defendants. Specifically, Jose A. Gonzalez and Defendants (hereinafter "the Parties") and their counsel have considered that the interests of all concerned are best served by compromise, settlement and dismissal of Plaintiff Jose A. Gonzalez's claims with prejudice. The Parties have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests.

1.1     The Parties, through their counsel, hereby seek judicial approval of this Settlement Agreement. In the event the proposed settlement contained in this Agreement does not become effective in accordance with the terms hereof, is not finally approved, is terminated, cancelled or fails to become effective for any reason, this Agreement will no longer have any effect and the parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.

## II.     PAYMENT AND DISTRIBUTION

II.1    In consideration for the terms, conditions and promises in this Agreement, Defendants shall, in accordance with paragraphs 2.2 and 2.3 pay or will cause to be paid to plaintiff Jose A. Gonzalez $1,681 (one thousand six hundred eighty one dollars and no cents) less any deductions made for any liens, judgments or wage garnishments, with such deductions to be made first from the amount

paid as liquidated damage and then from the amounts paid as backpay if the liquidated damage amount was insufficient to satisfy the lien, judgment or wage garnishment, to resolve all claims for FLSA damages allegedly accruing for the period from December 31, 2010 through the date this Agreement is approved by the Court ("the Settlement Amount"). The Settlement Amount will be divided and distributed to Plaintiff Gonzalez as follows: (1) one check payable to Plaintiff's counsel for distribution to Plaintiff Gonzalez constituting liquidated damages in the amount of $739.00 (seven hundred thirty nine dollars and no cents), less any deductions made from individual Plaintiff's amounts for liens, judgments or wage garnishments ("the Liquidated Damages Amount"); and (2) a payroll check or stub for direct deposit payments made payable to Plaintiff Gonzalez for $942.00 (nine hundred and forty two dollars and no cents) constituting his backpay award less all applicable deductions and withholdings and any wage garnishments. These amounts are agreed to among the Parties to compromise, settle and satisfy the Released Claims and liquidated damages related to the Released Claims.

II.2   Within 14 days of the date that the Court enters an Order finally approving this Agreement, the Plaintiffs' counsel shall tender, by overnight mail, e-mail or hand-delivery, to Defendant's attorney, the following documents to effectuate payment of the settlement amounts referenced in paragraph 2.1: a confirmation that the amounts provided in paragraph 2.1 is an accurate reflection of the settlement amount. Defendant shall issue payment by distributing the backpay amount (not liquidated damages) in a regular payroll check or direct deposit payment for backpay and by providing by check to Plaintiff's law firm The Law Office of Fausto E. Zapata, Jr. P.C., or its designee(s), the liquidated damages amount for Plaintiff Gonzalez as specified in paragraph 2.1. In the event that Plaintiff's backpay amount or liquidated damages amount will be reduced as the result of wage garnishment, lien or judgment (to the extent set forth in paragraph 2.1) Defendants' counsel shall provide Plaintiff's counsel with the amount of the reduction and the nature of the reduction at or before the time the payment is made by Defendant.

II.3   Plaintiffs' counsel and Defendants' counsel have agreed to attempt to resolve the matter of reasonable attorneys' fees and costs between themselves at the conclusion of this case. If they are successful in this attempt, they shall provide an amended stipulation of settlement to the Court within 60 days of the conclusion of this case in its entirety, reflecting the amount of costs and fees. If they are unable to do so within 60 days of the conclusion of this case, Plaintiffs' counsel will submit a fee petition to the Court within 90 days thereafter.

II.4   The liquidated damages portion, and, if necessary, the backpay portion, of Plaintiff Gonzalez's recovery will be subject to deductions for liens, garnishments or judgments against him, as well as applicable deductions and withholdings for the back pay portion of the allocated settlement amount. Plaintiff and his counsel will be solely responsible for distributing the liquidated damage portion to Plaintiff Gonzalez. Plaintiff Gonzalez and his counsel, The Law Office of Fausto E. Zapata, Jr. P.C., will defend, release, and hold Defendants harmless from any and all claims or causes of action arising from the distribution of the liquidated damages portion of the settlement funds.

II.5   Defendants shall distribute W-2 forms to Plaintiff Gonzalez reflecting the backpay payment made under Paragraphs 2.1 and 2.2 in this agreement. Plaintiff's counsel or its designee(s) shall distribute to Plaintiff Gonzalez a Miscellaneous Income Form 1099 reflecting the amount paid to him as liquidated damages. Plaintiff Gonzalez agrees that he will be responsible for his individual tax liability associated with the payments made to him under this agreement. Plaintiff Gonzalez agrees that he shall indemnify and hold harmless Defendants in the event of any dispute concerning whether taxes are owed by any Eligible Plaintiff on the liquidated damages portion of the settlement.

II.6   All payments to Plaintiff Gonzalez shall be deemed to be paid solely in the year in which such payments are actually received by him. It is expressly understood and agreed that the receipt of such Settlement Payments will not entitle Plaintiff Gonzalez to additional compensation or benefits under any bonus, contest, or other compensation or benefit plan or agreement in place during the period covered by the Agreement, nor will it entitle Plaintiff

4

Gonzalez to any increased retirement or matching benefits, or deferred compensation benefits. It is also expressly understood and agreed that no pension contributions shall be taken from the back pay payments. It is the intent of this Agreement that the Settlement Amounts provided for in this Agreement are the sole payments to be made to Plaintiff Gonzalez, and that Plaintiff Gonzalez is not entitled to any new or additional compensation or benefits as a result of having received payment pursuant to this Agreement (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the time period beginning three (3) years prior to the filing date of Plaintiff Gonzalez's Consent to Sue form through the date settlement is fully executed). Plaintiff Gonzalez specifically waives entitlement to such benefits and in additional consideration for the mutual covenants made in this Agreement, hereby agree not to bring any further action against Defendants or any retirement or welfare benefit plan maintained by Defendants or any of its affiliates for additional benefits as a result of any additional compensation paid as a result of this Agreement. This Agreement may be used by the Defendants or by any benefit plan or fiduciary thereof as a complete and absolute defense to any such claim.

## III.   RELEASE AND COVENANT NOT TO SUE

III.1 Plaintiff Gonzalez for himself, and his spouses and family, attorneys (if any), agents, executors, administrators, personal representatives, heirs, successors, any future estates, assigns and beneficiaries, and any and all of them (collectively, the "Releasers"), voluntarily and with the advice of counsel, fully and forever release, acquit, and discharges the Defendants, their present or former officers, directors, subsidiaries, affiliates, partners, employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs, successors and assigns, and any or all of them and all persons acting by, through, under, or in concert with any of them (collectively, the "Releasees"), in their personal, individual, official and/or corporate capacities, from all overtime claims asserted in the Lawsuit arising up to and including the date of approval of this Settlement by the Court for the time period Plaintiff Gonzalez worked as Supervising Emergency Medical Service Specialist for the City of New York.

III.2  Plaintiff Gonzalez shall be deemed to and shall have waived, released, discharged and dismissed all released claims as set forth in Paragraph 3.1 above, with full knowledge of any and all rights he may have, and he hereby assumes the risk of any mistake in fact in connection with the true facts involved, or with regard to any facts which are now unknown to him.

III.3  Plaintiff Gonzalez understands and agrees that to the fullest extent permitted by law, he is precluded from filing or pursuing any legal claim or action of any kind against any entity at any time in the future, or with any federal, state or municipal court, tribunal or other authority arising out of the Released Claims for the time period beginning three (3) years prior to the filing date of his Consent to Sue form through the date settlement is fully executed. He agrees not to file or pursue any such claim or action for the Released Claims. Excluded from this release and covenant not to sue is any right or claim that cannot be waived by law, including but not limited to the right to file a charge with or participate in an investigation conducted by government agencies. Plaintiff Gonzalez is waiving, however, any right to monetary recovery should any agency pursue any claims on their behalf with respect to the Released Claims for the time period beginning three (3) years prior to the filing date of his Consent to Sue form through the date settlement is fully executed and approved by the Court.

III.4  Plaintiff Gonzalez is specifically waiving any right to appeal any portion or decision relating to the Lawsuit related to the Released Claims or this Agreement to the District Court for the Southern District of New York or the United States Court of Appeals for the Second Circuit.

III.5  Plaintiff Gonzalez agrees that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; Plaintiff Gonzalez affirms that he has not been coerced, threatened, or intimidated into agreeing to the terms of this Agreement; and he has been advised to consult with an attorney.

III.6  Notwithstanding the aforementioned, the parties agree that nothing contained in this Stipulation waives or otherwise alters any rights Plaintiff Gonzalez may have under his

collective bargaining agreement to challenge policies or practices, including uninterrupted lunch breaks and voluntary overtime travel time practices.

## IV.   DISMISSAL OF CLAIMS

IV.1 Plaintiff Gonzalez agrees to the dismissal of all claims asserted in the Lawsuit against Defendant as specified in paragraph 3.1, with prejudice in accordance with the attached Agreed Order of Dismissal with Prejudice.

## V.   NO ADMISSION OF LIABILITY

V.1   Defendants do not admit any allegations made against it in any charges, complaints, grievances or Lawsuits currently pending between the Parties.   Nothing contained in this Agreement shall be deemed an admission of liability or of any violation of any applicable law, rule, regulation, order or contract of any kind.

## VI.   CONTINUED JURISDICTION

VI.1 The U.S. District Court for the Southern District of New York shall have continuing jurisdiction to construe, interpret and enforce the provisions of this Agreement, and to hear and adjudicate any dispute or litigation arising from this Agreement or the issues of law and facts asserted in or related to the instant actions.

## VII.   PARTIES' AUTHORITY

VII.1 The signatories hereby represent that they are fully authorized to enter into this Agreement and to bind the parties hereto to the terms and conditions hereof.   The Parties acknowledge that the Court may hold a fairness hearing in this matter before the Honorable Judge Katherine B. Forrest.   To object to a settlement, Plaintiff Gonzalez must either appear in person at the fairness hearing to voice their objection or, in the alternative, must contact the Court, in writing, to voice their objection and to explain all reasons for the objection.

VII.2 All of the Parties acknowledge that they have been represented by competent, experienced counsel throughout all negotiations which preceded the execution of this Agreement, and this Agreement is made with the consent and advice of counsel who have jointly prepared this Agreement.

7

## VIII.  MUTUAL FULL COOPERATION

VIII.1  The parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement.

## IX.  ENFORCEMENT ACTIONS

IX.1  In the event that one or more of the parties to this Agreement institutes any legal action, arbitration, or other proceeding against any other party or parties to enforce the provisions of this Agreement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

## X.  MODIFICATION

X.1  This Agreement and its attachment may not be changed, altered, or modified, except in writing and signed by the parties hereto, and approved by the Court.

## XI.  ENTIRE AGREEMENT

XI.1  This Agreement and its attachment constitute the entire agreement between the parties concerning the subject matter hereof.  No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of this Agreement.  In the event of any conflict between this Agreement and any other settlement-related document, the parties intend that this Agreement shall be controlling.

## XII.  CHOICE OF LAW/JURISDICTION

XII.1 This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of New York, both in its procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the United States District Court for the Southern District of New York.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party,

regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

## XIII.   VOIDING THE AGREEMENT

     XIII.1  In the event this Agreement, or any amended version agreed upon by the parties does not obtain judicial approval for any reason, or that fewer than ninety percent (90%) of the Plaintiffs fail to approve the settlement, this Agreement shall be null and void in its entirety, unless expressly agreed in writing by all parties.

     IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

Dated: New York, New York         Dated: New York, New York
     June 15, 2015               June 15, 2015

**THE LAW OFFICES OF FAUSTO E.**     **ZACHARY W. CARTER**
   **ZAPATA, JR., P.C.**           Corporation Counsel of the
Attorneys for Named and Opt-in Plaintiffs     City of New York
277 Broadway Suite 206          Attorney for Municipal Defendants
New York, New York 10007       100 Church Street, Room 2-104
(212) 766-9870              New York, New York 10007
                           (212) 356-4015

By: _____     By: _____
     Fausto E. Zapata, Jr.             Andrea O'Connor
                           Assistant Corporation Counsel

SO ORDERED:

_____  6/17/15
Hon. Katherine B. Forrest